UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIC JAMES LATOSKI,

     Plaintiff,

v.

JOSEPH AMEND, et al.,

     Defendants.

_____/

Case No. 2:26-cv-10242

Honorable Susan K. DeClercq
United States District Judge

**OPINION AND ORDER OF SUMMARY DISMISSAL**

In this *pro se* prisoner civil rights case, Plaintiff Eric James Latoski alleges that his constitutional rights were violated during a 2020 state prosecution. But because Latoski's prior conviction has not been reversed on appeal or otherwise invalidated and because he has named defendants who are entitled to immunity, this Court will dismiss his complaint for failure to state a claim.

## I. BACKGROUND

In October 2022, Latoski pleaded no contest to one count of malicious destruction of property greater than $200.00 in state court. ECF No. 1 at PageID.8; *see also People v. Latoski*, Michigan 75th District Court Case No. 2020-20-0596.[1]

---

[1] The docket sheet was accessed on micourt.courts.michigan.gov.

He was sentenced to 93 days in jail[2] and ordered to pay $1,130.28 in restitution fees. ECF No. 1 at PageID.8; *see also People v. Latoski*, Michigan 75th District Court Case No. 2020-20-0596.

On January 23, 2026, Latoski filed a civil complaint against state trial Judge Michael D. Carpenter, state prosecutor Joseph Amend, and the Midland County Prosecutors Office, alleging that his constitutional rights were violated throughout the state court proceedings. *Id.* at PageID.4–10. Latoski appears to allege that he was compelled to plead guilty on the basis of the prosecution's "99% DNA match" for his profile in the Michigan State Police (MSP) forensics laboratory database, but after learning later that his profile had the wrong birthdate, he claims that it was "technically not [him] in the court of law because it's not [his] birthdate with MSP." *Id.* at PageID.9. Latoski argues that the evidence was impermissible, fabricated, and "used against [himself]." *Id.* at PageID.4, 8. Accordingly, he raises 42 U.S.C. § 1983 claims against Defendants for violations of his Fifth, Sixth, Eighth, and Fourteenth Amendment rights. *Id.* at PageID.4–6. Notably, the language of Latoski's complaint appears to challenge the underlying conviction—which he admits was a guilty plea. *See generally id.*

---

[2] In his 2026 complaint, Latoski identifies his address and "current institution" as the Midland County Jail, suggesting that he is still incarcerated. ECF No. 1 at PageID.2; *see also* ECF No. 5 at PageID.27 (filing a notice of address update showing that he is still incarcerated in Midland County Jail).

## II. LEGAL STANDARD

Latoski paid the full filing fee for this action. Nevertheless, the Prison Litigation Reform Act of 1996 requires federal district courts to screen a prisoner's complaint against a government entity or officer under 28 U.S.C. § 1915A. *In re Prison Litigation Reform Act*, 105 F.3d 1131, 1331, 1134 (6th Cir. 1997) ("District courts are required to screen all civil cases brought by prisoners, regardless of whether the inmate paid the full filing fee, is a pauper, is *pro se*, or is represented by counsel, as the statute does not differentiate between civil actions brought by prisoners."). Under the screening process, district courts must dismiss the complaint or any portion of it if the allegations are "frivolous, malicious, fail to state a claim upon which relief can be granted, or seek monetary relief from a defendant who is immune from such relief." *Flanory v. Bonn*, 604 F.3d 249, 252 (6th Cir. 2010) (citing 28 U.S.C. §§ 1915(e), 1915A); *see also Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001) (same).

Although courts may not summarily dismiss a prisoner's fee-paid complaint under 28 U.S.C. § 1915(e)(2) because that section applies only to complaints filed *in forma pauperis*, *see Benson v. O'Brien*, 179 F.3d 1014, 1015–17 (6th Cir. 1999), courts are not prohibited from dismissing complaints against government entities, employees, or officers under § 1915A. *See Hyland v. Clinton*, 3 F. App'x 478, 478–

79 (6th Cir. 2001) (holding that screening and dismissing a fee-paid prisoner complaint under § 1915A is permitted). Thus, a district court must dismiss a prisoner's fee-paid complaint that seeks relief from a governmental entity and is either (a) frivolous, malicious, or fails to state a claim upon which relief can be granted, or (b) seeks monetary relief from a defendant who is immune from suit for monetary damages. 28 U.S.C. § 1915A. "Such a dismissal may occur at any time, before or after service of process and before or after the defendant's answer." *Reilly v. Donnellon*, No. 19-11249, 2022 WL 2195210, at *2 (E.D. Mich. May 9, 2022) (quoting *Runnels v. Charles*, No. 6:20cv126, 2020 WL 1897367, at *1 (E.D. Tex. Mar. 18, 2020)); *see also Seymore v. Nagy*, No. 25-cv-10580, 2025 WL 3023411, at *2 (E.D. Mich. Oct. 29, 2025) (screening and dismissing the prisoner's fee-paid complaint under § 1915A after the defendants were served and filed motions to dismiss). A complaint is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

*Pro se* complaints are held to "less stringent standards" than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation modified). Stated differently, "a complaint must

contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

### III. DISCUSSION

Latoski claims that his constitutional rights were violated because the DNA evidence that pressured him to plead no contest to a reduced charge was not actually connected to him due to listing an incorrect birth date on the report. ECF No. 1. Accordingly, Latoski seeks $465,000.00 in compensatory and punitive damages for the 93 days he spent in jail. *Id.* PageID.10. But Latoski's complaint is subject to dismissal because he cannot obtain monetary damages from his still-valid criminal conviction, nor can he bring his claims against Defendants who are entitled to immunity.

### A. Valid Criminal Conviction

First, Latoski cannot obtain the damages he seeks arising from his criminal conviction, absent a showing that it has been reversed or overturned.

To recover monetary damages for an allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, invalidated by a state

- 5 -

tribunal," or otherwise vacated by the issuance of a federal writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994).

Here, Latoski has not alleged that his conviction was overturned, expunged, or called into question by a writ of habeas corpus. *See generally* ECF No. 1. Thus, his allegations relating to his criminal prosecution, conviction, and incarceration against Defendants fail to state a claim for which relief may be granted. *See Adams v. Morris*, 90 F. App'x 856, 858 (6th Cir. 2004) (holding that a state prisoner's § 1983 action "challenging confinement must be dismissed regardless of whether the plaintiff seeks injunctive or monetary relief" in the absence of a showing that the conviction was in some way found to be unlawful or questioned through a federal habeas corpus writ); *see also Dekoven v. Bell*, 140 F. Supp. 2d 748, 756 (E.D. Mich. 2001) (dismissing the prisoner's fee-paid § 1983 complaint as barred under *Heck v. Humphrey*). Therefore, this Court must dismiss Latoski's complaint. *See* 28 U.S.C. § 1915A(b)(1).

## B. Prosecutorial Immunity

Second, Latoski's complaint must also be dismissed because the named Defendants are entitled to immunity.

With respect to Judge Carpenter, "[i]t is well-established that judges enjoy judicial immunity from suits arising out of the performance of their judicial functions." *Brookings v. Clunk*, 389 F.3d 614, 617 (6th Cir. 2004) (citing *Pierson v.*

*Ray*, 386 U.S. 547, 553–54 (1968)); *see also Mann v. Conlin*, 22 F.3d 100, 103 (6th Cir. 1994) (observing that a judge is generally immune from monetary damages)). This immunity explicitly extends to suits against state court judges under § 1983. *Brookings*, 389 F.3d at 617 (citing *Briscoe v. LaHue*, 460 U.S. 325, 334 (1983)). Judicial immunity also "applies to acts performed maliciously and corruptly as well as acts performed in bad faith or with malice." *Id.* There are only two limited instances where judicial immunity does not apply: "the judge's activities were 'non-judicial' in nature or…performed without any jurisdiction to do so." *Id*. (citing *Stump v. Sparkman*, 435 U.S. 349, 362–63 (1978)).

Here, Latoski raises no allegations that Judge Carpenter acted outside the scope of judicial activities nor that he lacked jurisdiction to accept Latoski's plea and sentence him accordingly. *See generally* ECF No. 1. Instead, Latoski focuses on the DNA evidence as the primary basis for his alleged constitutional rights violations. *See id.* Thus, Defendant Judge Carpenter is entitled to immunity with respect to the allegations raised in the complaint. *See Brookings*, 389 F.3d at 617.

With respect to Defendants Amend and the Midland County Prosecutors Office, "a prosecutor enjoys absolute immunity from § 1983 suits for damages when [the prosecutor] acts within the scope of his [or her] prosecutorial duties." *Imbler v. Pachtman*, 424 U.S. 409, 420 (1976). Indeed, a prosecutor is absolutely immune for "acts undertaken…in preparing for the initiation of judicial proceedings or for trial,

and which occur in the course of [the prosecutor's] role as an advocate for the State." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993); *see also Cooper v. Parrish*, 203 F.3d 937, 946–47 (6th Cir. 2000). Prosecutorial immunity extends to "actions preliminary to the initiation of a prosecution and actions apart from the courtroom." *Buckley*, 509 U.S. at 272 (quoting *Imbler*, 424 U.S. at 431, n.33). In determining whether actions fall under the prosecutorial role, the Sixth Circuit follows the "functional approach" outlined by the Supreme Court, wherein the critical inquiry is to determine "how closely related…the prosecutor's challenged activity [is] to his [or her] role as an advocate." *Howell v. Sanders*, 668 F.3d 344, 349–50 (6th Cir. 2012) (internal quotation marks omitted). But prosecutorial immunity does not extend to situations where a prosecutor functions as an administrator rather than as an officer of the court. *See Imbler*, 424 U.S. at 430–31. For example, a prosecutor is not immune when "perform[ing] the investigative functions normally performed by a detective or police officer." *Cooper*, 203 F.3d at 947 (internal quotation marks and citation omitted). Notably, all arguments "supporting absolute immunity for the prosecutor apply with equal force to [a] County Prosecutor's Office."[3] *Hancock v. Washtenaw Cnty. Prosecutor's Off.*, 548 F. Supp. 1255, 1256 (E.D. Mich. 1982).

---

[3] Also, a county prosecutor's office is not an entity subject to suit under 42 U.S.C. § 1983 "and, therefore, not a person subject to suit under…§ 1983." *Hancock v. Washtenaw Cnty. Prosecutor's Off.*, 548 F. Supp. 1255, 1256 (E.D. Mich. 1982).

Here again, Latoski has not alleged facts in his complaint concerning matters outside Defendants' prosecutorial functions. *See generally* ECF No. 1. Indeed, his arguments appear to focus on an issue with his DNA report, which he does not allege was crafted by Defendants, much less was done so as a non-prosecutorial function. *See generally id.* As such, Defendants Amend and the Midland County Prosecutors Office are entitled to immunity for the claims raised in the complaint. *See Buckley*, 509 U.S. at 272; *see also Hancock*, 548 F. Supp. at 1256; *El Amer v. Detroit Police Dep't*, No. 21-12108, 2021 WL 4951659, at *2 (E.D. Mich. Oct. 25, 2021) (dismissing the prisoner's complaint against the Wayne County Prosecutor's Office by finding that the office was "absolutely immune from liability for its actions in prosecuting" the plaintiff). Therefore, this Court must dismiss the complaint. *See* 28 U.S.C. § 1915A(b)(2) (requiring dismissal where a prisoner complaint seeks monetary relief from immune defendants).

## IV. CONCLUSION

Accordingly, it is **ORDERED** that Plaintiff's Complaint, ECF No. 1, is **DISMISSED WITH PREJUDICE.**

**This is a final order and closes the above-captioned case.**

> /s/Susan K. DeClercq
> SUSAN K. DeCLERCQ
> United States District Judge

Dated: April 8, 2026

- 9 -